UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARLOS VAZQUEZ,<br><br>        Plaintiff,<br><br>  vs.<br><br>UNITED PARCEL SERVICE, INC., et al.,<br><br>        Defendants. | CASE NO. SACV 10-01776-CJC(PJWX)<br><br>[~~PROPOSED~~] **PROTECTIVE ORDER** |

**[PROPOSED] ORDER**

Based on the attached Stipulated Protective Order of the Parties, and good cause appearing therefore, the Court grants the Parties' Protective Order.

May 17, 2011
Date

*/s/ Patrick J. Walsh*
Patrick J. Walsh
United States District Court Magistrate Judge

Respectfully submitted,

DATED: May 16, 2011     GEORGE W. ABELE
MICHELE A. FREEDENTHAL
KELLY HSU
PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: /s/
KELLY HSU

Attorneys for Defendant
UNITED PARCEL SERVICE, INC.

LEGAL_US_W # 67993612.1

LEGAL_US_W # 67993612.1                    -1-

GEORGE W. ABELE (SB# 149846)
georgeabele@paulhastings.com
MICHELE A. FREEDENTHAL (SB# 150323)
michelefreedenthal@paulhastings.com
KELLY HSU (SB# 268231)
kellyhsu@paulhastings.com
PAUL, HASTINGS, JANOFSKY & WALKER LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071-2228
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

Attorneys for Defendant
UNITED PARCEL SERVICE, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARLOS VAZQUEZ,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED PARCEL SERVICE, INC., et al.,<br><br>Defendants. | CASE NO. SACV 10-01776-CJC(PJWx)<br><br>**STIPULATED PROTECTIVE ORDER** |

Plaintiff Carlos Vazquez ("Plaintiff") and Defendant United Parcel Service, Inc. ("Defendant" or "UPS"), through their respective counsel of record, hereby stipulate and agree as follows:

1. "Party" or "Parties" as used herein shall refer to Plaintiff and Defendant, in the above indicated matter.

2. The Parties and/or third parties have produced or will produce, in connection with discovery proceedings in this action, information and/or documents consisting of or referencing confidential information that contains private, confidential commercial, financial, or proprietary business information or confidential and/or private non-party employee information. This information may include, but is not limited to, birth date, performance, and job history information for UPS employees other than Plaintiff, and may include, but is not limited to, information regarding investigations into employee misconduct, theft, and claims made by UPS customers. Any such information and/or documents are called "CONFIDENTIAL INFORMATION" in this stipulation.

3. If CONFIDENTIAL INFORMATION already has been produced in discovery, it will be deemed already so designated. If it has not been produced yet in discovery, the Party who wishes to so designate it will do so by means of written notice given to the other Party as soon as is practicable in connection with its production, including but not limited to stamping, writing, labeling, or otherwise placing the words "CONFIDENTIAL" upon the information itself prior to its disclosure or production in discovery. The designation of any information or documents as "CONFIDENTIAL" shall be made in good faith.

4. To safeguard the confidentiality of CONFIDENTIAL INFORMATION, it will be maintained as set forth in this agreement.

5. CONFIDENTIAL INFORMATION will be used by the Parties solely for the purposes of this litigation and any appeal of this litigation and not for any other reason.

6. The Parties will not disclose CONFIDENTIAL INFORMATION in any manner to anyone other than the following, and as to the following, those persons must agree to maintain its confidentiality:

   a. the requesting Party and, in the case of UPS, its officers, agents, and employees to whom disclosure is necessary for the purposes of this litigation;

   b. the counsel of record for the requesting Party and the partners, associates, or employees of counsel to whom disclosure is necessary for the purposes of this litigation;

   c. experts or consultants assisting counsel in this litigation, but not including private investigators;

   d. this Court and its personnel, including stenographic reporters regularly employed by the Court;

   e. any neutral person who has been selected by the Parties to preside over their private mediation or other mechanism for alternative dispute resolution;

   f. stenographic and video-graphic reporters responsible for depositions taken in the case;

   g. witnesses at deposition or trial (and only during a deposition or trial) and who on the record agree to keep the information confidential;

   h. for introduction into evidence at trial without prior notice, except the notice required by the Court, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence for

introduction of documents at trial; and

i. such other persons as may be designated by written stipulation of all Parties to this action or by further order of this Court in response to a motion by any party to this litigation.

7. A Party may challenge the designation of information and/or documents as "CONFIDENTIAL" as follows: In the event that a Party challenges the designation of information and/or documents produced by and belonging to a Party as CONFIDENTIAL INFORMATION, the Party must do so in good faith and will so notify the designating Party in writing. The burden will then fall on the Party making the designation to obtain an order of the Court upholding the designation. The designation made by the Party will be respected by the other Party, and the information and/or documents designated "CONFIDENTIAL" will not be used in a manner inconsistent with this agreement, until either (a) 30 days pass after the non-designating Party gave notice of the challenge to the designation, and the Party making the designation fails to file a motion for an order of the Court upholding the designation; or (b) a motion timely made is denied by the Court.

8. In the event that any portion of any document, answer to interrogatory or request for admission, or deposition transcript identified as containing CONFIDENTIAL INFORMATION, or any pleading, motion, brief or declaration containing or disclosing CONFIDENTIAL INFORMATION, is submitted to the Court by the receiving Party for any purpose, the Parties agree as follows: The Party submitting the CONFIDENTIAL INFORMATION will notify the Party that made the designation by close of business five (5) business days prior to filing the pleading, motion, brief or declaration containing or disclosing the CONFIDENTIAL INFORMATION to the Court. The submitting Party will specify what CONFIDENTIAL INFORMATION it intends to submit to the Court so that the designating Party may prepare the appropriate motion to have the record

filed under seal. The Parties will then coordinate the filing of the pleading, motion, brief or declaration so that the designating Party can simultaneously file the appropriate motion with the Court to have the record filed under seal in accordance with the Local Rule 79-5 of the Local Rules of the Central District of California.

9. Entering into, agreeing to and/or complying with the terms of this agreement will not:

    a. operate as an admission that any particular designated material constitutes, contains or reflects trade secrets, proprietary or commercial information or other confidential matter;

    b. prejudice in any way the right of any Party to object to the production of documents or information it considers not subject to discovery or to seek a Court determination whether particular material should be produced;

    c. prejudice in any way the right of any Party to apply to the Court to rescind or modify the terms of this Confidentiality Agreement or to move the Court for a protective order;

    d. prejudice in any way the right of any Party to use, or object to the use of, any CONFIDENTIAL INFORMATION at any hearing or at trial;

    e. affect the obligations of any Party or person to comply with the terms of any compulsory process;

    f. be construed as a waiver by either Party of any discovery objection; or

    g. affect the obligations of any Party or person to comply with the terms of Local Rules of the Central District of California, including Local Rule 79-5.4.

10. This agreement will be treated as effective from the date on which it is signed by counsel for the Parties, and it shall be deemed binding unless and until the terms of this agreement are modified by the parties in writing, by the Court, or the Court issues an order that affects the application of this agreement to certain material previously designated as confidential.

11. Upon demand at the conclusion of this action, documents containing CONFIDENTIAL INFORMATION will be destroyed or returned to the Party who or which produced it (or to a third party that requests return of CONFIDENTIAL INFORMATION), not later than 30 days after a final judgment or dismissal is entered, except that counsel for each Party may retain a copy of any such documents, but shall not further disclose any such documents, which shall remain subject to this agreement until the terms of this agreement are modified by the parties in writing, by the Court, or by any court of competent jurisdiction after no less than 20 days written notice to all Parties hereto.

12. The Parties and their counsel are responsible for employing reasonable measures to control, consistent with this agreement, duplication of, access to, discussion of and distribution of copies of CONFIDENTIAL INFORMATION, including obtaining enforceable non-disclosure agreements from any third party authorized to receive CONFIDENTIAL INFORMATION pursuant to this stipulation to whom CONFIDENTIAL INFORMATION is disclosed.

13. This agreement shall not govern the use or disclosure of CONFIDENTIAL INFORMATION by the Party or third party producing such confidential information.

14. This agreement may be signed in counterpart originals, with each having the same effect as a single original.

IT IS SO STIPULATED AND AGREED.

DATED: May 11, 2011       PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: /s/ Kelly Hsu
    KELLY HSU

Attorneys for Defendant
UNITED PARCEL SERVICE, INC.


DATED: May 13, 2011       THE GILLAM LAW FIRM

By: /s/ Michael Boyamian
    MICHAEL BOYAMIAN

Attorneys for Plaintiff
CARLOS VAZQUEZ